IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PAMELA E. MCCLAIN, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:09-CV-36 (CDL) |
| ROBERT M. GATES, | * | |
| Defendant. | * | |

O R D E R

Plaintiff Pamela E. McClain was employed by the Defense Commissary Agency as a sales checker at Fort Benning, Georgia, until her employment was terminated. She alleges that she was terminated in retaliation for an informal complaint she filed three years earlier with the Equal Employment Opportunity Commission ("EEOC"), while she was employed by a different commissary in another state. Defendant maintains that Plaintiff's employment was terminated because of various infractions related to her job performance.

After exhausting her administrative remedies and receiving no relief, Plaintiff, who is proceeding *pro se*, filed the present civil action asserting a retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Presently pending before the Court is Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment (Doc. 19). Since Defendant relies upon evidence beyond the pleadings in support of the motion, the Court treats Defendant's motion as one for summary

judgment. Fed. R. Civ. P. 12(d). As explained more fully below, Plaintiff has presented no evidence from which a reasonable factfinder could conclude that her previous EEOC activity had any causal connection to her termination; moreover, Plaintiff has presented no evidence that Defendant's legitimate stated reasons for her termination were a pretext for unlawful retaliation. Accordingly, Defendant's motion for summary judgment is granted.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a *genuine* issue of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

[1]Plaintiff filed no response to Defendant's motion notwithstanding the Court's notice to Plaintiff of the possible consequences of failing to respond. (Order Regarding Resp. to Mot. for Summ. J., Mar. 16, 2010.)

FACTUAL BACKGROUND[2]

**I. Plaintiff's Poor Job Performance and Subsequent Termination**

Plaintiff was hired on May 14, 2006 as a probationary sales checker employee by the Defense Commissary Agency at Fort Benning, Georgia. (Def.'s Statement of Undisputed Material Facts [hereinafter SOF] ¶¶ 1-2.) The probationary period was for twelve months; however, Plaintiff's employment was terminated within two months because of various disciplinary infractions related to her job performance and misconduct. (*Id.* ¶ 3.)

Specifically, on May 26, 2006, Plaintiff did not report to work, stating that she had car problems. (*Id.* ¶ 4.) On May 27, 2006, Plaintiff was tardy in starting her shift. (*Id.* ¶ 5.) On May 31, 2006, Plaintiff did not meet the minimum required scanning rate at the register. (*Id.* ¶ 7.) On June 10, 2006, a shortage was found in Plaintiff's cash register; in response, Plaintiff stated that she would "pay more attention" to her register in the future. (*Id.* ¶¶ 10-11.) On June 25, 2006, Plaintiff displayed a disrespectful attitude toward her supervisor in the presence of

[2]As noted previously, Plaintiff did not respond to Defendant's motion for summary judgment. Therefore, pursuant to the Court's local rules, the statements included in Defendant's Statement of Undisputed Material Facts are deemed admitted. M.D. Ga. R. 56. Notwithstanding these admissions, the Court understands its duty to "review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact[,]" *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (internal quotation marks omitted), and the Court has done so.

customers. (*Id.* ¶ 12.) On June 30, 2006, Plaintiff again did not meet the minimum scanning rate requirements (*id.* ¶ 13), and on the same day, Plaintiff displayed a disrespectful attitude and argued with another supervisor in the presence of a customer (*id.* ¶ 14). On July 1, 2006, two employees complained that Plaintiff made threatening statements toward a duty teller. (*Id.* ¶¶ 16-19.) On July 8, 2006, Plaintiff improperly processed checks at her register. (*Id.* ¶ 23.) On July 9, 2006, Plaintiff again did not meet the minimum scanning requirements, and was counseled by management. (*Id.* ¶¶ 24-25.)

As a result of her numerous infractions, Plaintiff was given notice on July 14, 2006 that her employment was terminated because she was "unable to meet the minimum standards for performance and conduct expected of a new employee." (*Id.* ¶¶ 27-28.) Plaintiff was informed in the notice that "[d]uring the probationary period, an employee's conduct and performance in the actual duties of his or her position are observed and he/she may be separated from the federal service without undue formality if the circumstances warrant." (*Id.* ¶ 29.) The effective date of Plaintiff's termination was July 15, 2006. (*Id.* ¶ 30.)

**II. Plaintiff's Prior Informal EEOC Complaint**

Plaintiff, believing that Defendant's counseling regarding her work performance was in retaliation of an informal complaint she

filed with the EEOC three years earlier while she was employed by another commissary, filed an informal complaint with the Fort Benning EEO office on July 11, 2006. (*Id.* ¶ 26.) On August 8, 2006, the EEO Manager, Ellis Dandy, informed Plaintiff that since she had missed her scheduled meeting to discuss the results of the investigation into her informal complaint, her "Notice of Final Interview/Right to File Complaint" letter served as the final interview and notice of right to file a formal complaint. (*Id.* ¶¶ 31-32.) On August 30, 2006, Plaintiff, believing that her termination was in retaliation of her prior EEO activity, filed a formal complaint with the Defense Commissary Agency. (*Id.* ¶ 35.) The formal complaint was received on September 13, 2006, and on September 29, 2006, the Defense Commissary Agency accepted Plaintiff's formal complaint. (*Id.* ¶ 36.)

On March 20, 2007, the Defense Commissary Agency issued its Report of Investigation ("Report") of Plaintiff's formal complaint. (*Id.* ¶ 38.) The investigator determined that insufficient evidence existed to show that Plaintiff's termination was connected to her previous EEOC complaint. (*Id.* ¶ 39.) The investigator also determined that there was no evidence to indicate that management had any knowledge of Plaintiff's prior EEO activity. (*Id.* ¶ 40.)

On February 29, 2008, Administrative Judge Robert P. Duffy held a hearing regarding Plaintiff's formal complaint. (*Id.* ¶ 42.) Judge Duffy heard testimony from Plaintiff and two of her co-workers,

as well as Plaintiff's first, second, and third-level supervisors. (*Id.* ¶¶ 43, 45-46.) Based on the Report, the submissions of the parties prior to the hearing, the evidence presented at the hearing, and the testimony presented at the hearing, Judge Duffy made findings of fact and conclusions of law. (*Id.* ¶ 47.) Specifically, Judge Duffy concluded that Plaintiff had worked for the Defense Commissary Agency as a checker/sales associate at commissaries at various base locations (*id.* ¶ 48), and that three years prior to working at the Fort Benning Commissary, Plaintiff worked at the commissary at the Jacksonville Naval Air Station in Jacksonville, Florida (*id.* ¶ 49). Judge Duffy found that while Plaintiff was employed at the commissary in Jacksonville, she filed an informal EEO complaint on May 16, 2003, naming her supervisor at the time as the discriminating official. (*Id.* ¶ 50.) Judge Duffy concluded, however, that Plaintiff's Fort Benning supervisors were not aware of the prior informal complaint; nor were they even aware that Plaintiff had ever been employed by any commissary in the past. (*Id.* ¶ 51.)

After Judge Duffy issued his order on April 14, 2008, the Defense Commissary Agency issued a Final Agency Decision on May 14, 2008, concurring with Judge Duffy's order. (*Id.* ¶ 54.) On January 13, 2009, the EEOC Office of Federal Operations issued its decision affirming the final agency order (*id.* ¶ 55), and in that decision, Plaintiff was advised of her right to seek reconsideration

or file a civil action (*id.* ¶ 56). On March 25, 2009, Plaintiff filed an action in this Court, alleging that Defendant retaliated against her "for prior EEO activity" three years earlier, while she was employed at another commissary. (Compl. ¶ II. A.)

DISCUSSION

Defendant seeks summary judgment as to Plaintiff's Title VII retaliation claim because no evidence exists that Plaintiff's termination was retaliatory. For the following reasons, the Court agrees.

Under Title VII, "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [an employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [an employee] has . . . participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, Plaintiff must show that "(1) [s]he engaged in statutorily protected expression; (2) [s]he suffered an adverse employment action; and (3) there is some causal relation between the two events." *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998). Once the prima facie case is established, Defendant "must proffer a legitimate, non-retaliatory reason for the adverse employment action." *Id.* Plaintiff then "bears the ultimate burden

of proving by a preponderance of the evidence that the reason provided by [Defendant] is a pretext for prohibited, retaliatory conduct." *Id*.

Here, the Court finds that Plaintiff has failed to establish a prima facie case of retaliation. Although Plaintiff suffered from an adverse employment action when she was terminated from her employment, and although Plaintiff engaged in statutorily protected expression when she filed an informal complaint three years earlier while she was employed by another commissary, Plaintiff failed to present any evidence that would lead a reasonable factfinder to conclude that there is some causal connection between the two events.

To establish a causal connection, "a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action." *Clover v. Total Sys. Servs., Inc*., 176 F.3d 1346, 1354 (11th Cir. 1999) (internal quotation marks omitted). Here, Plaintiff failed to point the Court to any evidence that would lead a reasonable factfinder to conclude that her supervisors at the Fort Benning Commissary had any knowledge of the informal complaint that she filed three years prior to her termination. (*Cf.* SOF ¶ 40 (noting that there was no evidence submitted to indicate that management at Fort Benning Commissary had any knowledge of Plaintiff's prior EEO activity).)

In addition, Plaintiff failed to point the Court to any evidence that would lead a reasonable factfinder to conclude that there was a "very close" temporal proximity between the protected activity and the adverse action. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (internal quotation marks omitted); *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) ("If there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law."). Here, Plaintiff's adverse action (her termination in July of 2006) occurred nearly *three years* after the statutorily protected activity (her informal complaint filed on May 16, 2003). This time gap *alone* does not allow a reasonable inference of a causal relation between the statutorily protected activity and the adverse action, and Plaintiff has failed to present *any* other evidence of causation. *See, e.g., Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam) (noting that a three-to-four-month period between plaintiff's statutorily protected activity and the adverse employment action, without more, does not rise to the level of "very close") (internal quotation marks omitted); *Dar Dar v. Associated Outdoor Club, Inc.*, 201 F. App'x 718, 723 (11th Cir. 2006) (per curiam) (noting that a time gap of six months between plaintiff's last complaint and her termination weighed against a finding of

causation). Therefore, the Court finds that Plaintiff has failed to establish a prima facie case of retaliation.

Even if Plaintiff could establish a prima facie case of retaliation, she still would not prevail. The Court finds that Defendant has presented non-retaliatory, legitimate reasons for Plaintiff's termination, including her numerous infractions and misconduct. (*E.g.*, SOF ¶¶ 4-7, 10, 12-14, 17-19, 23-25.) Furthermore, the Court finds that Plaintiff has failed to produce any evidence from which a reasonable factfinder could conclude that Defendant's legitimate, non-retaliatory reasons were pretext. Accordingly, Defendant is entitled to summary judgment as to Plaintiff's Title VII retaliation claim.[3]

CONCLUSION

As discussed above, Defendant's Motion for Summary Judgment (Doc. 19) is granted.

---

[3]Although unclear from her Complaint, to the extent that Plaintiff alleges a Title VII hostile work environment claim against Defendant, the claim fails as a matter of law because Plaintiff failed to produce any evidence from which a reasonable factfinder could conclude that she suffered from a hostile work environment while employed by Defendant. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (noting that to establish a hostile work environment claim under Title VII, a plaintiff must show (1) that she belongs to a protected group; (2) that she suffered from unwelcome harassment; (3) that the harassment was based on a protected characteristic; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment; and (5) that the defendant was responsible for such an environment).

IT IS SO ORDERED, this 16th day of April, 2010.

S/Clay D. Land

CLAY D. LAND
UNITED STATES DISTRICT JUDGE